UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No. _____

ALEXANDER PODZEMELNYY, and other similarly situated individuals,

        Plaintiff(s),

v.

PROLOG CORP., VOLODYMYR HENDRIK, and NATALIYA HENDRIK,

        Defendants.

## COMPLAINT
### (OPT-IN PURSUANT TO 29 U.S.C § 216(B))

Plaintiffs ALEXANDER PODZEMELNYY ("Plaintiff") and other similarly situated individuals sue defendants PROLOG CORP., VOLODYMYR HENDRIK and NATALIYA HENDRIK (collectively, "Defendants") and allege:

### JURISDICTION

1. This is an action to recover money damages for unpaid minimum and overtime wages under the laws of the United States, breach of contract, and violations of Florida statutory and common law.

2. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act"). The Court has supplemental jurisdiction over the breach of contract claim and the Florida common law/ F.S. § 448.08 claim. The facts regarding Plaintiff's state law claims are so related to the Federal claims that they form part of the same case or controversy.

## VENUE

3. Plaintiff is a covered employee for purposes of the Act and the facts that gave rise to this action occurred in Broward County, Florida.

4. PROLOG CORP. (the "Corporate Defendant"), VOLODYMYR HENDRIK and NATALIYA HENDRIK (the "Individual Defendants"), are a Florida company and Florida residents, respectively, having their main place of business in Broward County, Florida, where Plaintiff worked for Defendants, and at all times material hereto were and are engaged in interstate commerce. The Individual Defendants, upon information and belief, reside in Broward County, Florida.

## COUNT I: WAGE AND HOUR
## VIOLATION BY PROLOG CORP.

5. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-4 above as if set out in full herein.

6. This action is brought by Plaintiff to recover from the Corporate Defendant unpaid minimum wages and overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and also under the provisions of 29 U.S.C. § 207. Section 207(a)(1) of the Act states: "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

7. Section 206(a)(1) of the Act states: "[A]n employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." On July 24, 2007, Federal minimum

wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

8. The Act provides minimum standards that may be exceeded, but cannot be waived or reduced. Employers must comply, for example, with any Federal, State or municipal laws, regulations or ordinances establishing a higher minimum wage or lower maximum workweek than those established under the Act. 29 C.F.R. § 541.4.

9. In Florida, the minimum wage in 2017 was $8.05 per hour. In 2018, the minimum wage is $8.25 per hour.

10. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Corporate Defendant is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Corporate Defendant operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Corporate Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of the Corporate Defendant was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

11. By reason of the foregoing, the Corporate Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for

commerce as defined in §§ 3(r) and 3(s) of the Act and/or Plaintiff and those similarly situated were and/or are engaged in interstate commerce for the Corporate Defendant. The Corporate Defendant's business activities involve those to which the Act applies. The Corporate Defendant is a trucking company and, through its business activity, affects interstate commerce. Plaintiff's work for the Corporate Defendant likewise affects interstate commerce. Plaintiff was employed by the Corporate Defendant as a Dispatcher for the Corporate Defendant's business.

12. While employed by the Corporate Defendant, Plaintiff worked approximately an average of 60-70 hours per week without being compensated at the rate of not less than one and one-half times the regular rate at which he was employed. Plaintiff was employed as a Dispatcher performing the same or similar duties as that of those other similarly situated Dispatchers whom Plaintiff observed working in excess of 40 hours per week without overtime compensation.

13. Plaintiff worked for the Corporate Defendant from approximately 7/20/2017 to 5/8/2018. In total, Plaintiff worked approximately 42 compensable weeks under the Act, or 42 compensable weeks if counted 3 years back from the date of the filing of the instant action.

14. The Corporate Defendant agreed to pay Plaintiff commissions.

15. However, the Corporate Defendant paid $0.00 to Plaintiff.

16. Plaintiff seeks to recover unpaid minimum and overtime wages accumulated from the date of hire and/or from three (3) years preceding the date of the filing of this Complaint.

17. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of his unpaid minimum and overtime wages is as follows:

    a. **Actual Damages: $30,464**

        i.    <u>Minimum Wages</u>: $25,088

           <u>2017</u>

           $8.05 x 70 x 23 (compensable weeks) = $12,960.50

           <u>2018</u>

           $8.25 x 70 x 21 (compensable weeks) = $12,127.50

        ii.    <u>Overtime Wages</u>: $5,376.00

           <u>2017</u>

           $8.05 x .5 x 30 x 23 (compensable weeks) = $2,777.25

           <u>2018</u>

           $8.25 x .5 x 30 x 21 (compensable weeks) = $2,598.75

    b. **Liquidated Damages: $30,464.00**

    c. **Total Damages: $60,928.00** plus reasonable attorneys' fees and costs of suit.

    18.    At all times material hereto, the Corporate Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Corporate Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the Act. In addition, the Corporate Defendant failed to pay all minimum wages owed to Plaintiff. The additional persons who may become plaintiffs in this action are weekly-paid employees and/or former employees of the Corporate Defendant who are and who were subject to the unlawful payroll practices and procedures of the Corporate Defendant and were not paid

minimum wages or time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

19. The Corporate Defendant knew and/or showed reckless disregard for the provisions of the Act concerning the payment of overtime wages and remains owing Plaintiff and those similarly situated these minimum and overtime wages since the commencement of Plaintiff's and those similarly situated employees' employment with the Corporate Defendant as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages. The Corporate Defendant never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

20. The Corporate Defendant willfully and intentionally refused to pay Plaintiff minimum and overtime wages as required by the laws of the United States as set forth above and remains owing Plaintiff these minimum and overtime wages since the commencement of Plaintiff's employment with the Corporate Defendant as set forth above.

21. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly situated and against the Corporate Defendant on the basis of the Corporate Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff reasonable attorneys' fees and costs of suit; and

E.  Grant such other and further relief, as this Court deems equitable and just.

## JURY DEMAND

Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

## COUNT II: WAGE AND HOUR VIOLATION BY VOLODYMYR HENDRIK and NATALIYA HENDRIK

22. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-21 above as if set out in full herein.

23. At the times mentioned, the Individual Defendants were, and are now, the Owners and/or Officers of the Corporate Defendant. The Individual Defendants were an employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the Act in that these defendants acted directly or indirectly in the interests of the Corporate Defendant in relation to the employees of the Corporate Defendant, including Plaintiff and others similarly situated. The Individual Defendants had operational control of the Corporate Defendant, were involved in the day-to-day functions of the Corporate Defendant, provided Plaintiff with his work schedule, and are jointly liable for Plaintiff's damages.

24. The Individual Defendants are and were, at all times relevant, persons in control of the Corporate Defendant's financial affairs and could cause the Corporate Defendant to compensate (or not to compensate) its employees in accordance with the Act.

25. The Individual Defendants willfully and intentionally caused Plaintiff not to receive minimum wages or overtime compensation as required by the laws of the United States as set forth above and remain owing Plaintiff these minimum and overtime wages since the commencement of Plaintiff's employment with the Corporate Defendant as set forth above.

26. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly situated and against the Individual Defendants on the basis of the Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief, as this Court deems equitable and just.

## JURY DEMAND

Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

### COUNT III: UNPAID WAGES UNDER FLORIDA COMMON LAW AND SECTION 448.08, FLORIDA STATUTES AGAINST PROLOG CORP.

27. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 4 above as if set out in full herein.

28. The Corporate Defendant employed Plaintiff from approximately July 20, 2017 until May 8, 2018.

29. The Corporate Defendant employed Plaintiff as a Dispatcher and promised to pay him commissions in the amount of 2.8% from each load that was picked up as a result of his efforts starting on September 1, 2017.

30. Plaintiff has not been paid his earned commissions or any moneys whatsoever for his work.

31. Plaintiff is only claiming the items listed in paragraph 29 of this Complaint to the extent these items are recognized as wages under Florida common law and Florida Statues, Section 448.

32. As a result of non-payment, Plaintiff has been damaged.

33. The Corporate Defendant owes Plaintiff his wages earned under Florida common law and attorneys' fees and costs incurred pursuing this action under Florida Statutes, Section 448.08, should Plaintiff prevail on this claim.

34. Plaintiff has retained undersigned counsel to represent him in this matter and has agreed to pay said firm a reasonable attorney's fee for its services.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A. Award Plaintiff his actual damages in the amount shown to be due for unpaid wages, with interest;

B. Award costs of this action, together with reasonable attorneys' fees; and

C. Order such other and further relief, as this Court deems equitable and just.

### JURY DEMAND

Plaintiff demands trial by jury of all issues so triable as of right.

### COUNT IV:
### COUNT IV: BREACH OF CONTRACT AGAINST DEFENDANTS

35. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 4 above as if set out in full herein.

36. Defendants employed Plaintiff from approximately July 20, 2017 until May 8, 2018.

37. Plaintiff and Defendants entered into an oral contract pursuant to which Plaintiff would become employed by Defendants as a Dispatcher and Defendants would pay Plaintiff commissions in the amount of 2.8% from each load that was picked up as a result of Plaintiff's efforts starting on September 1, 2017 (the "Contract").

38. Plaintiff has fully performed under the Contract.

39. Defendants breached the Contract by failing to pay Plaintiff his earned commissions or any moneys whatsoever for his work.

40. As a result of Defendants' breach, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A. Award Plaintiff his actual damages, including compensatory damages and pre-judgment interest.

B. Order such other and further relief, as this Court deems equitable and just.

## JURY DEMAND

Plaintiff demands trial by jury of all issues so triable as of right.

Dated: October 8, 2018.

      Respectfully submitted,

      By:  /s/ R. Martin Saenz
      R. Martin Saenz, Esquire
      Fla. Bar No.: 0640166
      Email: msaenz@saenzanderson.com
      SAENZ & ANDERSON, PLLC
      20900 NE 30th Avenue, Ste. 800
      Aventura, Florida 33180
      Telephone: (305) 503-5131
      Facsimile:  (888) 270-5549