UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-62395-CIV-MORENO/SELTZER

ALEXANDER PODZEMELNYY, and other
similarly situated individuals,

        Plaintiff(s),

vs.

PROLOG CORP., VOLODYMYR
HENDRIK, and NATALIYA HENDRIK,

        Defendants.
_____/

REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on Plaintiff's Motion to Dismiss Counterclaims ("Motion") (DE 15) and was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the United States District Court for the Southern District of Florida. (DE 12). The undersigned has carefully reviewed the file, including the response to the Motion (DE 20), and the reply thereto (DE 21), and is otherwise fully advised in the matter. For the reasons set forth below, the undersigned RECOMMENDS that the Motion (DE 15) be GRANTED and that the Counterclaims be DISMISSED WITH PREJUDICE.

I.    BACKGROUND

Alexander Podzemelnyy ("Podzemelnyy" or "Plaintiff") filed a four-count Complaint in this Court against Defendants for wage and hour violations arising under the Fair Labor Standards Act ("FLSA") and Florida law. (DE 1). Podzemelnyy alleges that while employed as a dispatcher for a trucking business, he did not receive minimum wages, overtime

payments, and commissions ("wages") owed to him by the business. Podzemelnyy sues to recover those wages.

In response, Defendants filed an Answer and Affirmative Defenses. (DE 10). Defendants also asserted Counterclaims that frame the backdrop to the Motion. (Id.). The Counterclaims consist of three counts, all arising under Florida law: (1) civil theft (Count I); (2) misappropriation of trade secrets (Count II); and (3) civil conspiracy (Count III). The conspiracy count is predicated on the same conduct giving rise to Counts I and II.[1]

According to Defendants, following a dispute over the distribution of profits, Podzemelnyy and his nonparty spouse, Vadim Zemlyanoy ("Zemlyanoy"), conspired to steal trade secrets and cash from the corporation and from Nataliya Hendrik's personal bank account. Defendants allege that Zemlyanoy was a 50-percent shareholder of the corporation and that Zemlyanoy permitted Podzemelnyy to access bank login information in furtherance of the purported misdeeds.

Podzemelnyy has moved to dismiss the state-law Counterclaims for lack of supplemental jurisdiction. Because the Counterclaims are too attenuated from the wage claims in the Complaint and do not arise from a common nucleus of operative fact, the undersigned concludes that the Court does not have the power to hear the supplemental claims and recommends the Motion (DE 15) be granted. Furthermore, even if the Court had the power to hear the supplemental claims, the undersigned concludes that the Court should nonetheless decline its discretionary exercise of supplemental jurisdiction. Not only do the Counterclaims risk a reduction in the FLSA award that would be inconsistent with

---

[1] The conspiracy count also implicates a prospective party whom Defendant is moving to join in this action. (DE 25).

the objectives of that statute, but § 1367(c) considerations militate against the exercise of supplemental jurisdiction.

II. MOTION TO DISMISS

A. Supplemental Jurisdiction

In civil actions where district courts have original jurisdiction, 28 U.S.C. § 1367(a) provides district courts with supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Id. "The constitutional 'case or controversy' standard confers supplemental jurisdiction over all state claims which arise out of a common nucleus of operative facts with a substantial federal claim." Parker v. Scrap Metal Processors, Inc., 468 F.3d 733, 743 (11th Cir. 2006) (emphasis added). This requirement is met where the federal and state claims "involve the same facts, occurrences, witnesses, and evidence," even where the elements of the state and federal claims differ. Palmer v. Hosp. Auth. of Randolph County, 22 F.3d 1559, 1566 (11th Cir. 1994).

Whereas § 1367(a) "delineates the power of the federal courts to hear supplemental claims and claims against supplemental parties," § 1367(c) "describes the occasions on which a federal court may exercise its discretion not to hear a supplemental claim or admit a supplemental party, despite the power of the court to hear such a claim." Palmer, 22 F.3d at 1566 (emphasis in original). Both aspects will be addressed in turn.[2]

---

[2] Section 1367(b) pertains to situations in which only diversity jurisdiction "serves as an anchor on which to moor supplemental claims" and, thus, is not relevant to this dispute. See id. at n.9.

3

B.     Court's Power to Adjudicate the Supplemental Claims – § 1367(a)

Claims brought pursuant to the FLSA are grounded in federal law and, therefore, give rise to federal jurisdiction. 29 U.S.C. § 216(b); 28 U.S.C. § 1331. The question here is whether the wage claims in the Complaint and the state-law Counterclaims arise out of a common nucleus of operative fact such that the Court has the power to hear the supplemental claims. The undersigned concludes that the Court does not possess that power.

The Complaint sets forth straightforward wage claims whereas the Counterclaims seek injunctive relief and damages for civil theft, misappropriation of trade secrets, and civil conspiracy arising from alleged transfers from Defendants' bank accounts or personal credit cards and the alleged theft of a data system. As a result, the evidence required to prove the claims raised in the Complaint will be almost entirely unconnected to and independent of the claims raised in the Counterclaims. More specifically, Podzemelnyy's wage claims deal with the nonpayment of wages over the period of approximately ten months from July 20, 2017, to May 8, 2018. In contrast to these wage claims, Count I (civil theft) alleges two thefts that occurred on a single day, May 8, 2018 (the last day of Podzemelnyy's employment), Count II (misappropriation of trade secrets),[3] describes a

---

[3] To prove their Counterclaim for misappropriation of trade secrets, Defendants would need to show that:

> (1) [they] possessed secret information and took reasonable steps to protect its secrecy and (2) the secret [they] possessed was misappropriated, either by one who knew or had reason to know that the secret was improperly obtained or by one who used improper means to obtain it. See Fla. Stat. § 688.002. To qualify as a trade secret, the information that [they] seek[] to protect must derive economic value from not being readily ascertainable by others and must be the subject of reasonable efforts to protect its secrecy.

single misappropriation that occurred on a single day, May 8, 2018, and Count III (civil conspiracy) addresses a conspiracy to commit the acts described in Counts I and II on a single day, May 8, 2018.  To succeed at trial on the Counterclaims, Defendants would not only be required to introduce substantial evidence of the corporate structure and the authority and regular business practices of its principals, but they would also have to join an additional party. (DE 25).   The only nexus between the wage claims and the state law Counterclaims appears to be that, broadly speaking, the employment relationship provided Podzemelnyy and his nonparty spouse with the opportunity to engage in the alleged malfeasance. This link is too attenuated to support supplemental jurisdiction under 28 U.S.C. §1367.

In sum, the occurrences and transactions giving rise to the wage claims and the state law Counterclaims are distinct, and the supporting evidence for the respective claims

---

See American Red Cross v. Palm Beach Blood Bank, Inc., 143 F.3d 1407, 1410 (11th Cir.1998) (applying Florida law); Bestechnologies, Inc. v. Trident Envt. Sys., Inc., 681 So.2d 1175, 1176 (Fla. 2d DCA 1996) (defining trade secret).

Del Monte Fresh Produce Co. v. Dole Food Co., 136 F. Supp. 2d 1271, 1291 (S.D. Fla. 2001).  To establish this claim, Defendants would need to come forward with expert witnesses and numerous additional fact witnesses, and the testimony of these witnesses would have no bearing on the wage claims.

are similarly distinct.[4]  Accordingly, the wage claims in the Complaint and state law Counterclaims do not arise out of a common nucleus of operative fact.

Indeed, trial courts this District have routinely dismissed state-law contract and tort counterclaims where a FLSA claim served as the basis for original jurisdiction.  E.g., Leite v. Tremron, Inc., 2012 WL 4049962 (S.D. Fla. Sept. 13, 2012) (Moreno, D.J.) ("In cases where a FLSA claim serves as the underlying basis for original jurisdiction, this Court has generally been reluctant to find that additional state law contract or tort claims form part of the same 'case or controversy' as the federal claim."); Fernandez v. Xpress Painting Corp., 2012 WL 3562255 (S.D. Fla. Aug. 17, 2012) (Moreno, D.J.) (dismissing contract and equitable counterclaims); Vallesillo v. Remaca Truck Repairs, Inc., 2009 WL 4807397 (S.D. Fla. Dec. 4, 2009) (Marra, D.J.) (dismissing contract counterclaim); Nelson v. CK Nelson, Inc., 2008 WL 2323892 (S.D. Fla. June 2, 2008) (Marra, D.J.) (same).

Accordingly, the undersigned concludes that, because the claims in the Complaint and Counterclaims do not arise from a common nucleus of operative fact, the Court cannot exercise supplemental jurisdiction over the Counterclaims.

---

[4]  Defendants appear to focus their analysis on whether the Counterclaims are compulsory or permissive. They contend that a compulsory counterclaim automatically confers supplemental jurisdiction.  However, "after Congress passed § 1367 in 1990, the distinction between a compulsory and a permissive counterclaim ceased to be relevant in determining whether a court has jurisdiction over a state-law counterclaim. . . ." Gonzalez v. Batmasian, 239 F. Supp. 3d 1363, 1365 (S.D. Fla. 2017) (citing Channell v. Citicorp Nat. Servs., Inc., 89 F.3d 379, 385 (7th Cir. 1996) ("Now that Congress has codified the supplemental jurisdiction in § 1367(a), courts should use the language of the statute to define the extent of their powers.")).

C.     Court's Discretion to Adjudicate Supplemental Claims – § 1367(c)

Even if this Court had the power to exercise supplemental jurisdiction over the state law Counterclaims, the undersigned recommends that the Court decline to do so.  Section 1367(c) sets forth four factors for a court's consideration in deciding whether to exercise supplemental jurisdiction:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).  Section 1367(c)(4) is deemed to further encompass considerations of "judicial economy, convenience, fairness to the parties. . . ." Parker, 468 F.3d at 743. "Any one of the section 1367(c) factors is sufficient to give the district court discretion to dismiss a case's supplemental state law claims." Id. at 743.

The undersigned concludes that the interests of judicial economy would not be promoted by adjudicating the supplemental claims in the federal court.  In this instance, adjudicating the civil theft and trade secret misappropriation Counterclaims in this federal court, as opposed to the state court, would not diminish the risk of inconsistent judgments, as those Counterclaims are distinct from the wage claims in the Complaint. Cf. PTA-FLA, Inc. v. ZTE USA, Inc., 844 F.3d 1299, 1312 (11th Cir. 2016).  Moreover, given the relative simplicity of the wage claims in the Complaint, the state-law Counterclaims would clearly predominate in any litigation.  Substantial additional evidence would be required to

7

adjudicate the state civil theft claim, the state conspiracy claim, and, in particular, the relatively complex state trade secret misappropriation claim. In sum, prudential considerations militate against the Court's discretionary exercise of supplemental jurisdiction over the state-law Counterclaims.

### D. Brennan Rule

Finally, the undersigned notes that the litigants have argued the applicability of the so-called "Brennan Rule." In Brennan v. Heard, 491 F.2d 1, 3-4 (5th Cir. 1974), the court reversed a set-off against an award for back pay in a FLSA action, reasoning that set-offs "deprive the employee of the 'cash in hand' contemplated by the Act, and are therefore inappropriate in any proceeding brought to enforce the FLSA minimum wage and overtime provisions. . . ." Id. at 4.

Although Defendants contend that they do not actually seek a set-off, their affirmative defenses indicate otherwise. (DE 10, p. 10, ¶ 13). Defendants' suggested distinction between a set-off defense and an "affirmative" request for damages arising from the same allegations, amounts to a distinction without a difference as concerns the Brennan Rule. Any recovery under Defendants' Counterclaims would reduce Podzemelnyy's FLSA recovery below the minimum amount required by statute and would therefore be inappropriate. The principles espoused in Brennan reinforce the conclusion that the Court should decline to exercise its supplemental jurisdiction over the state-law Counterclaims. Accord Leite, 2012 WL 4049962, **3-4; Fernandez, 2012 WL 3562255, *4; Vallesillo, 2009 WL 4807397, *3; Nelson, 2008 WL 2323892, *3.

III.   CONCLUSION

The undersigned concludes that the Court lacks the power to adjudicate the supplemental claims and, alternatively, that the Court should exercise its discretion to decline to adjudicate those claims. Accordingly, the undersigned recommends that Plaintiff's Motion to Dismiss Defendants' Counterclaims (DE 15) be GRANTED and that the Defendants' Counterclaims be DISMISSED WITH PREJUDICE.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Federico A. Moreno, United States District Judge.  Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2017).

DONE AND SUBMITTED in Chambers,  Fort Lauderdale, Florida, this 1st day of March 2019.

*[signature]*

BARRY S. SELTZER
United States Magistrate Judge

Copies via CM/ECF to:

Honorable Federico A. Moreno
United States District Judge

All counsel of record