UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-62395-CIV-MORENO/STRAUSS

ALEXANDER PODZEMELNYY

    Plaintiff,

v.

PROLOG CORPORATION,
VOLODYMYR HENDRIK,
and NATALIYA HENDRIK,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on Plaintiff's Motion for Final Default Judgment Against Prolog Corp ("Motion") (DE 57) filed on March 31, 2020. This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida. (DE 12; DE 53). The undersigned has carefully considered the Motion and the record, and is otherwise fully advised. For the reasons stated below, it is **RECOMMENDED** that the Motion be **GRANTED IN PART AND DENIED IN PART**.

### I.    PROCEDURAL HISTORY

Alexander Podzemelnyy ("Plaintiff") filed a four-count Complaint in this Court against Defendants on October 18, 2018, for wage and hour violations arising under the Fair Labor Standards Act ("FLSA") and Florida law. (DE 1). Plaintiff alleges that while employed as a dispatcher for a trucking business, he did not receive minimum wages, overtime payments, and commissions ("wages") owed to him by the business. *Id.* Through their attorneys, Diane P. Perez and Anna V. Tumpovskiy, Defendants filed an Answer and Affirmative Defenses to Plaintiff's

Complaint on January 10, 2019. (DE 10). Attorney Perez moved to withdraw as counsel for Defendants on March 20, 2019 (DE 33), and the Court entered an Order (DE 37) granting the Motion to Withdraw on April 5, 2019. Attorney Tumpovskiy moved to withdraw as counsel for Defendants on June 20, 2019 (DE 40), and the Court entered an Order (DE 41) granting that Motion to Withdraw on June 28, 2019. The Court's Order (DE 41) stated, in part, that the individual Defendants may represent themselves, but that the corporate Defendant, Prolog Corporation, must obtain substitute counsel by July 16, 2019. The Court's Order further stated that "[i]f no substitute counsel is obtained, the Court will allow Plaintiff to move for entry of default judgment against Defendant Prolog Corporation." *Id.*

On September 26, 2019, Plaintiff filed a motion for default judgment against all Defendants (DE 45) alleging that Defendant Prolog Corporation had not obtained substitute counsel and, further, that neither of the individual Defendants appeared for their duly noticed July 24, 2019 depositions. On October 2, 2019, United States Magistrate Judge Barry S. Seltzer issued an Order to Show Cause (DE 46) why sanctions, including a recommendation of entry of a default judgment, should not be imposed for Defendant Prolog Corporation's failure to abide by the Court's Order to obtain substitute counsel and for the individual Defendants' failure to appear for deposition. Following Defendants' failure to respond to the Order to Show Cause (DE 46), Judge Seltzer recommended, on October 16, 2019, that Plaintiff's motion for default judgment as to liability against all of the Defendants (DE 45) be granted and that the District Court order Plaintiff to move for final default judgment and file affidavits directed to the amount of damages. (DE 47). On October 27, 2019, the individual Defendants filed a Suggestion of Bankruptcy ("Bankruptcy"). (DE 48). On November 14, 2019, District Court Judge Federico A. Moreno entered an Order closing the case administratively. (DE 50). Judge Moreno further directed the Plaintiff to notify

the Court by February 14, 2020, as to the status of the Bankruptcy and to provide status updates every three months thereafter as to whether this action is ready to proceed. *Id*. In the interim, on December 6, 2019, Plaintiff filed a still-pending motion for final default judgment against only Defendant Prolog Corporation. (DE 51).

Plaintiff moved for the Court to reopen the case on January 31, 2020, due to closure without discharge of the individual Defendants' Chapter 7 bankruptcy case and submitted that this case was ready to proceed against all Defendants. (DE 52). On February 6, 2020, however, Plaintiff filed a notice that the individual Defendants had reopened their bankruptcy case and had obtained a discharge under 11 U.S.C. § 727. (DE 54). Plaintiff requested that the Court reopen the case for purposes of ruling on Plaintiff's motion (DE 51) for final default judgment against only Prolog Corporation. (DE 54). On February 12, 2020, the District Court granted Plaintiff's motion to reopen the case (DE 52) but instructed that the individual Defendants had until February 24, 2020 to respond to Plaintiff's motion for default judgment (DE 45) against all Defendants. (DE 55). Following Defendants' non-response, on February 27, 2020, the District Court granted Plaintiff's Motion for Default Judgment (DE 45) and directed Plaintiff to seek default final judgment against the Defendants and file affidavits for the amount of damages by March 31, 2020.[1] (DE 56). In response, on March 31, 2020, Plaintiff filed the Motion currently before this Court against only Defendant Prolog Corporation (DE 57), to which Defendant Prolog Corporation has failed to respond. The Certificate of Service attached to Plaintiff's Motion certifies that it was served on March 31, 2020, "via U.S. Mail on the last known principal address for PROLOG CORP: 2121

---

[1] Plaintiff's motions for default judgment, prior to submitting affidavits directed to the amount of damages, are more properly considered as motions for default. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1364 (11th Cir. 1997) (holding that there can be no "judgment" without a determination of relief and finding that plaintiff's request for default judgment was more properly termed a request for default).

3

N 52ND AVE, HOLLYWOOD, FL 33021." (DE 57 at 7). Plaintiff's Motion seeks a total judgment amount of $84,810.75, of which $30,464.00 pertains to unpaid wages and overtime, $30,464.00 pertains to liquidated damages, $22,000.00 pertains to attorneys' fees, and $1,882.75 pertains to costs.[2] (DE 57 at ¶¶ 16-18). For the reasons articulated herein, the undersigned **RECOMMENDS** that Plaintiff's Motion (DE 57) be **GRANTED IN PART AND DENIED IN PART**.

II.     **LEGAL STANDARDS**

The Court's entering of a default final judgment is governed by Fed. R. Civ. P. 55(b), which states in relevant part:

> b) Entering a Default Judgment.
>
> (1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
> (2) By the Court. In all other cases, the party must apply to the court for a default judgment.

Fed. R. Civ. P. 55(b).

Under Rule 55(b), the district court "may conduct hearings ... when, to enter or effectuate [a default] judgment, it needs to: ... determine the amount of damages." Fed.R.Civ.P. 55(b)(2). Hearings are not necessary, however, when the record evidence is sufficient to determine damages.

---

[2] Plaintiff's Complaint and Statement of Claim use $8.05 per hour as Florida's minimum wage in 2017 (DE 1 at ¶ 17; DE 16 at ¶¶ 1-4). Plaintiff's Motion attempts to correct this hourly rate to $8.10 per hour. (DE 57-2 at ¶ 5). Plaintiff, however, did not file an amended complaint to correct the hourly rate he seeks, and Plaintiff's affidavit ("Affidavit") (DE 57-2) and Plaintiff's counsel's affidavit (DE 57-1) state a figure of $60,928.00 (consistent with Complaint's total figure using the $8.05 hourly rate) as the total damages Plaintiff seeks relating to wages and overtime, including liquidated damages. Accordingly, the Court uses the $60,928.00 figure for total damages ($30,464.00 for damages related to wages and overtime, and $30,464.00 for liquidated damages).

4

*SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005).

### III. DISCUSSION

Here, the District Court granted the entering of a default against Defendants' due to their numerous breaches of pre-trial obligations. (DE 56). Thus, the District Court determined that Plaintiff is entitled to damages, and the undersigned now proceeds to evaluate the record as to the amount of damages, including attorneys' fees and costs for purposes of a default final judgment against Defendant Prolog Corporation ("Prolog") only because the individual Defendants have been discharged through bankruptcy. (DE 57 at ¶ 7; DE 54).

#### A. **Damages**

Plaintiff submits an Affidavit (DE 57-2) stating that he was not paid wages or overtime for the period of time that he worked as a dispatcher for Defendant Prolog. Plaintiff's Affidavit sets forth the time period that Plaintiff worked for Defendant Prolog, the applicable minimum wage per hour, the number of overtime hours worked, and a calculation of the wages, overtime, and liquidated damages that Defendant Prolog owes to Plaintiff (DE 57-2 at ¶¶ 4-7). Specifically, Plaintiff's Affidavit provides, *inter alia*, that Plaintiff worked 23 weeks in 2017, for which period a minimum wage of $8.10 per hour applied[3] and for 21 weeks in 2018, for which a minimum wage of $8.25 per hour applied and worked an average of 30 hours of overtime each week. Plaintiff's Affidavit further asserts that Plaintiff is entitled to recover unpaid wages and overtime in the amount of $30,464.00 and an equal amount of liquidated damages, for a total of $60,928.00. (DE 57-2 at ¶ 7). "Any employer who violates the provisions of [the FLSA] ... shall be liable to the employee or employees affected in the amount of ... their unpaid overtime compensation ... and in

---

[3] Plaintiff notes that the Complaint states $8.05, rather than $8.10, in error. (DE 57-2 at ¶ 3). As previously noted, however, the Court uses the total figures in Plaintiff's filings, including the Complaint, that reflect the $8.05 hourly rate.

5

an additional equal amount as liquidated damages." *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1163 (11th Cir. 2008) (quoting 29 U.S.C. § 216(b)). Plaintiff's Affidavit sets forth claims consistent with the allegations asserted in the Complaint (DE 1). (DE 57-2). Thus, the undersigned concludes that Plaintiff's Affidavit adequately establishes the number of hours he worked, including the number of overtime hours, and the amount of damages, both actual and liquidated, that Plaintiff is entitled to recover from Defendant Prolog. *See Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (holding that detailed affidavits may establish the necessary facts for a damages award). Accordingly, the undersigned finds that Plaintiff is due the entry of a default final judgment for the damages amount Plaintiff's Motion specifies of $60,928.00 as supported by Plaintiff's Affidavit.

B. **Attorneys' Fees**

Plaintiff requests an award of attorneys' fees in the amount of $22,000.00 for work performed, and $1,882.75 for costs incurred, in litigating this action. (DE 57 at ¶ 16). In support of this request, Plaintiff submits the Declaration of Harris Nizel Re: Attorneys' Fees ("Declaration") (DE 57-4). Mr. Nizel is an attorney at the law firm of Nizel Law, P.A. and is the lead attorney in this matter (DE 57-4 at ¶ 2). In Mr. Nizel's Declaration, he states that he has been a member of The Florida Bar since 2004 and has focused his practice in the area of labor and employment law since 2012. (DE 57-4). In addition, Mr. Nizel asserts that he was assisted by Ilona Anderson, Esq., a partner at the law firm of Saenz and Anderson and a member of The Florida Bar since 2006 who also specializes in employment law and who primarily communicated with client as she is fluent in Russian, Plaintiff's preferred language. *Id.*; s*ee also* Ilona Demenina Anderson Member Profile, The Florida Bar, https://www.floridabar.org/directories/find-mbr/profile/?num=25477 (last visited Apr. 17, 2020).

Although a party has a right to attorneys' fees incurred in bringing an action under the FLSA, the courts have a duty to ensure that an award of fees is reasonable. 29 U.S.C. § 216(b); *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1543 (11th Cir. 1985). In this Circuit, Courts apply the lodestar to determine reasonable attorneys' fees. The lodestar is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "[The] reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). As to the number of hours expended, counsel's records should allow for the district court's assessment of the time claimed for each activity by reflecting the time spent on different claims and by sufficiently describing the subject matter of the time expenditures. *Id.* at 1303. Furthermore, the court itself is an expert on the reasonableness of fees with or without expert testimony to aid in the determination. *Id.*

The $22,000.00 total fee award that Plaintiff seeks in this case is summarized by law firm below. (DE 57-4).

| Name | Hours | Rate | Total |
|---|---|---|---|
| Nizel Law, P.A. | 34.8 hours | $400.00/hour | $ 13,920.00 |
| Saenz and Anderson | 18.7 hours<br>4.0 hours | $400.00/hour<br>$150.00/hour | $ 7,480.00<br>600.00<br>Total: $ 8,080.00 |
| TOTALS: | 57.5 hours | | $ 22,000.00 |

i.  Hourly Rate

The two attorneys representing Plaintiff each charge an hourly rate of $400.00, and the Saenz and Anderson law firm additionally charged $150.00 per hour for paralegal services. The undersigned finds these hourly rates to be within the range of rates charged by attorneys of comparable experience for similar services. *See Toledo v. Vioss Vision, Inc.*, No. 18-20309-CIV, 2019 WL 5689246, at *2–3 (S.D. Fla. Oct. 31, 2019) (finding an hourly rate of $425 reasonable for a 20-year attorney specializing in employment and labor law and an hourly rate of $150 reasonable for the law firm's paralegal). Accordingly, the undersigned concludes that the hourly rates Plaintiff seeks for attorneys' fees are reasonable.

ii.  Time Expended

Plaintiff requests that his attorneys be compensated a total of 57.5 hours for work in prosecuting this matter from October 8, 2018, thru December 4, 2019. The undersigned has carefully reviewed the time records of the attorneys and concludes that the number of hours billed by Plaintiff's counsel and paralegal is reasonable, with the exception of one entry that is administrative and/or clerical in nature. Paralegal fees are compensable where the work performed is that normally done by an attorney. *See Missouri v. Jenkins*, 491 U.S. 274, 285 (1989). However, time spent on clerical and/or administrative tasks is generally not compensable. *See id.* at n. 10. Specifically, counsel's entry of 0.70 hours at a $400 per hour billing rate on 2/15/2019 under the initials of "RS" to receive, review, and docket a "[m]otion to join party and amend[ ] third party complaint" appears administrative in nature. The undersigned observes that there is an entry on the same day by Mr. Nizel of 1.5 hours for "[p]reliminary review and research re: Motion to Join additional party; revised amended notice and proposed order of rescheduled mediation." Therefore, the undersigned deducts 0.70 hours from the total hours the attorneys billed at a $400.00

hourly rate and recommends an award of attorneys' fees in this case in the amount of $ 21,720.00 ($22,000.00 - $280.00).

    C.    **Costs**

Under the FLSA, a prevailing plaintiff is entitled to recover costs incurred in prosecuting FLSA claims. Generally, a plaintiff is entitled only to those costs enumerated in U.S.C. § 1920. *See Glenn v. Gen. Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir. 1988). The following may be taxed as costs pursuant to 28 U.S.C. § 1920:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Here, Plaintiff requests costs for filing and service fees in the amount of $640.00, which represents $400.00 for the cost of filing the Complaint, and $270.00 for the cost of serving process on the Defendants. Pursuant to § 1920, Plaintiff is entitled to recover the filing and service fees. Plaintiff also requests $270 pertaining to a certificate of non-appearance for the deposition of the individual Defendants who failed to make appearances at their scheduled deposition. Because Plaintiff's need to depose Defendants relates to establishing the facts of their case, the undersigned concludes that the depositions were "necessarily obtained for use in the case" and finds that the

associated costs are recoverable. *Joseph v. Nichell's Caribbean Cuisine, Inc.*, 950 F. Supp. 2d 1254, 1258–59 (S.D. Fla. 2013) (finding $235 for court reporter appearance and $75 for court reporter appearance and preparation of a certificate of non-appearance recoverable where the scheduled deposition of a party was determined necessary to ascertain the facts of the case). The undersigned thus determines that costs of $910.00 are recoverable.

Additionally, Plaintiff seeks to recover mediation costs of $806.25, but "[m]ediation is not compensable under 28 U.S.C. § 1920." *Smith v. Reliance Standard Life Ins. Co.*, No. 03-61274-CUV-ZLOCH, 2004 WL 2980683, at *3 (S.D. Fla. Nov. 10, 2004). Likewise, the $41.50 that counsel incurred while attending mediation is not recoverable. Plaintiff also seeks recovery of a $125.00 flat fee for copying and postage per his retainer agreement with counsel. While the cost of copies "necessarily obtained for use in the case" are compensable, the Court cannot determine, without more, whether the costs covered by the $125.00 flat fee qualify for reimbursement. Therefore, these copying costs are not recoverable. Further, costs for postage are not recoverable because this is not an expense that § 1920 enumerates as compensable. 28 U.S.C. § 1920. In sum, the undersigned concludes that $972.75 of the total $1,882.75 in costs for which Plaintiff seeks reimbursement are not compensable.

Plaintiff's counsel also requests that the Court retain jurisdiction to award fees and costs related to collecting a judgment against Defendant Prolog Corporation (DE 57 at 4-5). *DiFrancesco v. Home Furniture Liquidators, Inc.*, No. 06-21709-CIV, 2009 WL 36550, at *5 (S.D. Fla. Jan. 6, 2009) ("conclud[ing] that reasonable attorney's fees for collecting a final judgement are available under the FLSA"). Because these expenses are recoverable in FLSA cases, the undersigned recommends that the Court retain jurisdiction for this purpose as well as for other post-judgment orders that may be appropriate.

Lastly, Plaintiff's counsel requests, through the proposed order submitted (DE 57-3), that the Court enter a final default judgment in favor of counsel, rather than Plaintiff, for the amount of the attorney's fees and costs awarded. Because one of the purposes of the FLSA is to ensure that Plaintiff recovers the amounts that his Defendant employer owes to him, and because counsels' collection of a separate judgment for its attorneys' fees and costs sets up a potential conflict of interest, the undersigned recommends that the total amount of the final default judgment be entered in favor of Plaintiff. *See Salvador v. Brico, LLC*, No. 0:17-CV-61508, 2020 WL 1874066, at *4 (S.D. Fla. Apr. 15, 2020) (awarding attorney's fees directly to a prevailing plaintiff and against Defendants in FLSA case).

## IV. CONCLUSION

For the foregoing reasons, the undersigned respectfully **RECOMMENDS** that Plaintiff's Motion for Final Default Judgment Against Prolog Corp (DE 57) be **GRANTED IN PART AND DENIED IN PART**. Specifically, the undersigned recommends the following:

a. The Court enter default final judgment in favor of Plaintiff against Defendant Prolog Corporation in the total amount of **$83,558.00**, consisting of a total of $30,464.00 in unpaid minimum and/or overtime wages, $30,464.00 in liquidated damages, and $22,630.00 in attorneys' fees and costs owed to Plaintiff's counsel, that bears interest at the rate prescribed by 28 U.S.C. § 1961;

b. The Court retain jurisdiction to determine and award Plaintiff's post-judgment attorneys' fees and costs incurred in collecting the default final judgement and for the purpose of entering any other post-judgment orders that may be just and proper;

c. The Court order Defendant Prolog Corporation to produce all records requested in response to any duly served post-judgment notice of deposition *duces tecum*;

d. The Court deny all pending motions as MOOT; and

e. The Court instruct the Clerk of the Court to CLOSE this case.

Further, this Court instructs that the Clerk of the Court shall send by U.S. Mail, First Class a copy of this Report and Recommendation to Prolog Corporation, 2121 N. 52 Avenue, Hollywood, FL 33021.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Federico A. Moreno, United States District Judge.  Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

**DONE AND SUBMITTED** in Chambers, Fort Lauderdale, Florida, this 20th day of April 2020.

Jared M. Strauss
United States Magistrate Judge

Copies via CM/ECF to:

Honorable Federico A. Moreno
United States District Judge

All counsel of record

The Clerk of the Court
Shall send by U.S. Mail,
First Class to:

Prolog Corporation
2121 N. 52 Avenue
Hollywood, FL 33021